UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christian Lopez, *et al.*,

       Plaintiffs,

v.

                                   Case No. 19-13340

Quicken Loans, Inc.,

                                   Sean F. Cox
                                   United States District Court Judge

       Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

This is a putative class action against Defendant Quicken Loans, Inc., brought under the federal Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"). The matter is currently before the Court on Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), that seeks to dismiss Plaintiffs' First Amended Complaint. The parties have briefed the issues and the Court heard oral argument on May 14, 2020. For the reasons set forth below, the Court shall deny the motion.

## BACKGROUND

Acting through counsel, named Plaintiff Christian Lopez filed this putative class action against Defendant Quicken Loans, Inc. ("Defendant" or "Quicken").

Defendant filed a Motion to Dismiss, seeking to dismiss the original complaint. Thereafter, this Court issued its standard order, advising Plaintiff that he had the choice of either responding to the motion or filing an amended complaint in order to correct any deficiencies. (*See* ECF No. 10).

1

Plaintiff elected to file a First Amended Class Action Complaint, that was filed on February 5, 2020.  It added a second named Plaintiff, Stephen Lawlor.  It now contains the following one count: "Count One: Violation of the TCPA's Automated Calling Provisions."  It asks this Court to certify the following class, "tentatively defined as" follows:

> All persons within the United States to whom: (a) Defendant and/or a third party acting on its behalf made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using the telephone system(s) used in calling Plaintiff's cellular telephone number; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

(*Id*. at 14).

The First Amended Class Action Complaint includes the following factual allegations as to Defendant Quicken:

> 23.    Defendant is in the business of providing mortgage lending services.
> 24.    One of Defendant's strategies for marketing its services and generating business is through telemarketing.
> 25.    Defendant's strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to solicit business.
> 26.    Defendant's telemarketing includes sending automated calls using SMS codes, which is systemic data used to track automated text messages.
> 27.    Recipients of these calls, including Plaintiff[s], did not consent to receive them.
> 28.    The Defendant used this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone or respond to the text contact through a telephone call.
> 29.    Through this method, the Defendant shifts the burden of wasted time to the consumers it calls.

(*Id*. at 6-7).

It then includes factual allegations that are specific as to named Plaintiff Lopez, who alleges that he received unauthorized text messages from Defendant in violation of the Act. Lopez alleges that:

2

> 31. On August 7, 2019 and August 8, 2019 Mr. Lopez received automated calls from the Defendant.
> 32. The calls were made to Mr. Lopez's cellular telephone number, (617) 780-XXXX.
> 33. Mr. Lopez's cellular telephone number is used for residential purposes.
> 34. The text messages sent to Mr. Lopez are [depicted] below . . .

(*Id*. at 7-8). Some of the images of the text messages depicted in the complaint are difficult to read. But one says, "Quicken Loans: Your simpler way to refinance at home. Get started online today," and then includes an email address. (*Id*. at 8). Lopez further alleges:

> 35. The calls were made from SMS Code 26293.
> 36. The fact that a SMS code was used to sent the text message is evident that it was sent using an ATDS, as SMS codes are reserved for automatically made text messages.
> 37. A text message containing an SMS short code is characteristic of a message sent using an ATDS that dials a large volume of telephone numbers from a prepared list.
> 38. This is further supported by the non-personalized generic nature of the text message advertisements.
> 39. The dialing system can also produce numbers using a sequential number generator and dial the numbers automatically.
> 40. The dialing system can do this by inputting a straightforward computer command.
> 41. Following a command, the dialing system will sequentially dial numbers.
> 42. In that scenario, the dialing system could dial a number such as (555) 000-0001, then (555) 000-0002, and so on.
> 43. This would be done without any human intervention or further effort.
> 44. The specific SMS Code 26293 is registered to Quicken Loans.
> 45. Mr. Lopez had not done business with the Defendant prior to receiving the calls.
> 46. The calls were unsolicited. Mr. Lopez had not, for example, applied for, inquired about, or looked for a loan on any website.
> 47. Prior to filing this lawsuit, Mr. Lopez wrote to Quicken Loans asking for any evidence it had of his purported consent to receive telemarketing calls from them; however, Quicken Loans provided none.
> 48. Moreover, despite texting "Stop" to SMS Code 26293 in an attempt to end the text messages as the messages directed, and after receiving purported confirmation that he would no longer receive messages from Quicken Loans, Mr. Lopez received another promotional text message from Quicken Loans.

(*Id.* at 7-10).

3

Lawlor alleges that he received unauthorized telephone calls on his cellular telephone

from Defendant in violation of the Act.  The First Amended Complaint includes the following

factual allegations that are specific as to Lawlor:

56.   In 2017, Mr. Lawlor refinanced his home mortgage with Quicken Loans.
57.   In approximately July of 2019, Mr. Lawlor began to receive frequent automated robocalls to his cellphone.
58.   The calls were made to Mr. Lawlor's cellular telephone number, (615) 308-XXXX.
59.   On September 3, 2019, Mr. Lawlor went on to his Quicken Loan account and took the affirmative step of opting out of receiving telemarketing calls.
60.   Mr. Lawlor confirmed this opt out.
61.   However, automated calls to his cell phone continued.
62.   This included a call on October 7, 2019 and other calls later that month.
63.   The calls promoted Quicken Loan services that he neither wanted or needed.
64.   They were generic in nature and sent using automated equipment.
65.   The fact that they were sent using automated equipment is because they all followed a similar calling pattern.
66.   Mr. Lawlor would answer the call.
67.   A long pause would occur followed by a clicking sound that would signify the dialing system was operating automatically to send the call to a live representative when one became available.
68.   This signified that the call was not made by a live individual.
69.   As such, the dialing was automatic.
70.   The dialing system used can also produce numbers using a sequential number generator and dial the numbers automatically.
71.   The dialing system can do this by inputting a straightforward computer command.
72.   Following a command, the dialing system will sequentially dial numbers.
73.   In that scenario, the dialing system could dial a number such as (555) 000-0001, then (555) 000-0002, and so on.
74.   This would be done without any human intervention or further effort.

(*Id.* at 11-12).

On February 19, 2020, Defendant filed the instant motion to dismiss, challenging

Plaintiffs' First Amended Complaint.  (ECF No. 13).

**STANDARD OF DECISION**

Defendant brings this motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true.  *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Legal conclusions couched as factual allegations will not suffice.  *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The TCPA "creates a private right of action, *see* 47 U.S.C. § 227(b)(3), for violating the Act's prohibition against using an 'automatic telephone dialing system' ('ATDS') to text someone who has not given 'prior express consent,' 47 U.S.C. § 227(b)(1)(A)(iii); *see also Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 370 (6th Cir. 2015)."  *Gary v. Trueblue, Inc.*, 786 F. App'x 555, 556 (6th Cir. 2019).  The TCPA similarly provides a private right of action for unauthorized calls made to a cellular telephone via an ATDS.

In the First Amended Complaint, the named Plaintiffs allege that Defendant violated the TCPA by using an ATDS to call them or send them texts without their consent.

Defendant claims that the First Amended Complaint fails to plead sufficient facts to meet

the required ATDS element of Plaintiffs' TCPA claims.[1]

"The TCPA defines an ATDS as 'equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.' 47 U.S.C. § 227(a)(1)." *Gary*, 786 F. App'x at 556. Defendant contends that the First Amended Complaint is "devoid of plausible allegations that the Plaintiffs' telephone numbers were randomly or sequentially generated and then dialed," as they contend is necessary to plead the ATDS element of their TCPA claims. (Def.'s Br. at v).

The plaintiff in *Gary* alleged that the defendant violated the TCPA's prohibition against using an ATDS to text him without his express consent. After discovery, the parties filed summary judgment motions. The district court granted summary judgment in favor of the defendant, as there was no evidence submitted by the plaintiff to show that the defendant used an ATDS as defined by the statute. *Gary v. TrueBlue, Inc*. 346 F.Supp.3d 1040 (E.D. Mich. 2018, J. Drain). In addition, the defendant submitted an affidavit from one of its directors stating that its system "lacks the capacity to randomly or sequentially dial or text potential workers." *Id*. at 1044. As such, the district court granted summary judgment in favor of the defendant.

The Sixth Circuit affirmed the district court's summary judgment ruling on appeal. *Gary v. TrueBlue, Inc.,* 786 F. App'x 555 (6th Cir. 2019). In doing so, the Sixth Circuit noted that the "TCPA defines an ATDS as 'equipment which has the capacity (A) to store or produce telephone

---

[1]Defendant's motion also asserts that the First Amended Complaint does not provide Defendant with "fair notice" of the nature of Lawlor's claims against it because it does not include specific details such as the time of the October 7th call he claims to have received from Defendant or the exact content of the message. That argument falls flat, as the complaint sufficiently alleges a TCPA claim and Defendant can seek more specific details during discovery.

numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.'" *Id*. at 556 (quoting 47 U.S.C. § 227(a)(1)).  It noted that the "statute requires a showing that the system has the capacity to randomly or sequentially dial or text phone numbers" and agreed with the district court held that the plaintiff had failed to make such an evidentiary showing at the summary judgment phase of the case.  *Id*. at 557-58.

*Gary* was decided at the summary judgment phase of the case after discovery had concluded – not a motion to dismiss based on the pleadings under Fed. R. Civ. P. 12(b)(6).  Thus, *Gary* did not address what supporting factual allegations are required in a complaint in order for a plaintiff to make its claim that an ATDS was used plausible.

As Defendant acknowledges, the Sixth Circuit has not issued any decisions providing guidance as to the supporting facts that must be included in order to sufficiently allege the ATDS element of a TCPA claim.  Lacking such direction from the Sixth Circuit, the parties direct the Court to a number of district court cases that have considered this issue.

In several decisions, district courts have found that a bare or conclusory allegation that a defendant used an ATDS is not enough to meet the plausibility standard set forth in *Twombly* and *Iqbal.*

For example, in *Aikens*, the magistrate judge reviewed a motion to dismiss a TCPA complaint that was based upon telephone calls to a cell phone that were alleged to have been made using an ATDS.  *Aikens v. Synchrony Financial*, 2015 WL 5818911 (E.D. Mich. July 31, 2015) (Morris, M.J.).  The magistrate judge found that "under *Iqbal,* 'threadbare recitals of a cause of actions's elements, supported by mere conclusory statements," cannot be accepted as true on a motion to dismiss, thus the Court may not accept an assertion that an ATDS was used

simply because Plaintiff states as much." *Id.* at *4.  The decision further explained:

> . . . unlike the plaintiff in *Hashw*, Plaintiff has not provided any details about the content of the calls she received beyond noting that the caller attempted to reach someone named "Sam," and that she asserted to the caller (whether pre-recorded or live, Plaintiff does not say) that she was not the "Sam" they were looking for. (Doc. 1 at 2).  Contrary to Plaintiff's contention that the use of an ATDS can be reasonably concluded based on the "frequency, number, nature and character of these calls," (*id*)., she has provided no factual allegations regarding the nature and character of the calls.
>
> While plaintiffs cannot be expected to provide specific details about the type of dialing systems used to deliver the calls they receive, it is entirely reasonable to demand that plaintiffs provide sufficient information about the timing and content of the calls they receive to give rise to the reasonable belief that an ATDS was used.  Plaintiff has not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone.  If she spoke to a human, she has not indicated whether she heard a human voice immediately upon picking up her phone, or whether there was a significant period of "dead air," which is generally indicative of a use of an automatic dialer. *See Loveless v. Al Solar Power, Inc*., . . . 2015 WL 4498787, at *3 (C.D. Cal. July 23, 2015). Plaintiff's allegations permit the Court to infer that she received a great number of calls from Defendant's number, but no allegations in complaint permit an inference that Defendants used an ATDS to accomplish these calls.  To surmount this threshold, Plaintiff could plead those facts which are likely within her knowledge, but which she has not included in her complaint: the content of Defendant's calls, whether she spoke to a human, whether there was dead air prior a human picking up the line, or any other facts which may tend to make the use of an ATDS more likely.  Because these facts were not alleged in her complaint, Plaintiff has not stated a plausible claim for relief under the TCPA § 227, and Defendant's motion to dismiss should be granted.

*Id.* at *4.  The district court, the Honorable Thomas L. Ludington, adopted the magistrate judge's

recommendation and granted the motion to dismiss.  *Aikens v. Synchrony Financial*, 2015 WL

5818860 (E.D. Mich. 2015).

Similarly, in *Lord*, the district court concluded that a TCPA complaint failed to state a

plausible claim where its allegations merely parroted the statutory language as to the definition

of an ATDS.  *Lord v. Kisling, Nestico & Redick*, LLC, 2018 WL 3391941 (N.D. Ohio 2018).  In

so holding, the district court cited *Norman v. Sito Mobile Sols*., 2017 WL 1330199 at * 3 (D.N.J. 2017) ("Plaintiffs must do more than simply parrot the statutory language . . . a plaintiff must at least describe, in layman's terms, the facts about the calls or circumstances surrounding the calls that make it plausible that they were made using an [ATDS].)"

Conversely, other district courts have denied motions to dismiss that challenge the ATDS element of a TCPA claim where the complaint included some factual allegations about the calls or texts that make it plausible that they were made using an ATDS.

For example, the district court in *Duchene* declined to dismiss a TCPA claim, finding that the plaintiff sufficiently alleged facts to support a finding that the defendant used an ATDS when calling the plaintiff's cell phone where the plaintiff "pled that he either: (a) answered the call, no person spoke to him, and he heard nothing; or (b) did not answer the call and received a robotic, automated screeching and beeping voicemal." *Duchene v. Onstar, LLC*, 2016 WL 3997031 (E.D. Mich. 2016).

In *Virgine*, the district court denied a motion to dismiss that challenged the ATDS element of a TCPA claim that was based upon texts. *Virgne v. C.R. England, Inc*., 2020 WL 470294 (S.D. Indiana 2020). The court noted that other district courts have declined to dismiss TCPA complaints in cases where the plaintiff "did not merely parrot the TCPA's language in alleging ATDS use but included allegations regarding the generic nature of the messages, the use of an SMS shortcode, and the fact that others received the same messages." *Id*. at *3. In denying the motion, the district court explained:

> The same analysis is applicable here. Like the complaint in *Hudson,* Mr. Virgine's complaint includes more than the boilerplate allegation that CRE used a device capable of storing and dialing sequentially generated numbers, randomly generated numbers or numbers from a database of numbers. Compl. ¶ 26. The

9

complaint additionally alleges that the messages (1) came via use of an SMS shortcode, (Compl. ¶ 15); (2) were comprised of pre-written templates of impersonal text, (Compl. ¶ 20); (3) were devoid of any actual human intervention in the drafting or sending of the messages, (Compl. ¶ 22); and (4) were sent en masse to thousands of other consumers, (Compl. ¶ 24).

*Id.* at *3.  As such, the district court found that the plaintiff had "not simply cited verbatim the language of the TCPA, he has provided the requisite 'supporting details" to survive a 12(b)(6) motion."  *Id.*  The district court further noted that "[r]equiring any higher degree of specificity risks making it 'nearly impossible for plaintiffs' to state a claim under the TCPA and would make defendants 'virtually immune to TCPA claims.'" *Id.* (quoting *Serban v. Cargurus Inc*., 2016 WL 4709077, at * 3 (N.D. Ill. Sept. 8, 2016)).

Here, the First Amended Complaint does not merely parrot, in a conclusory fashion, the the statutory language as to the definition of an ATDS.  Rather, it includes several factual allegations as to the facts and circumstances surrounding the calls and texts that make it plausible that an ATDS was used.  Those facts and circumstances include that : 1) messages came via the use of an SMS shortcode, and SMS codes are reserved for automatically made text messages; 2) the calls and messages were of a generic and non-personal nature (ie, "Quicken Loans: Your simpler way to refinance is here.  Get started online today . . ."); 3) that the calls received followed the same pattern under which, after answering the call, there would be a long pause, followed by a clicking sound that would signify the dialing system was operating automatically to send the call to a live representative when one became available; and 4) that both named plaintiffs continued to receive calls and texts after opting out.

In the absence of direction from the Sixth Circuit as to the kind of supporting factual allegations that must be included to sufficiently allege the ATDS element of a TCPA case, this

Court shall follow those district court decisions that have declined to dismiss a TCPA claim where some supporting factual allegations are included that make it plausible that an ATDS was used to make the calls or texts.  Thus, this Court finds that Plaintiffs' allegations are sufficient at this stage of the litigation to plausibly allege that Defendant violated the TCPA.  As the district court in *Virgne* noted, to require a higher degree of specificity as to the ATDS element would risk making it nearly impossible for a plaintiff to state a claim under the TCPA.  *Virgne, supra*, at

*3.

      Like the situation in *Gary,* Defendant may still challenge the claims at the summary judgment phase, on the ground that there is insufficient evidence to show that an ATDS was used.

**CONCLUSION & ORDER**

      For the reasons above, IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 13) is DENIED.

      IT IS SO ORDERED.

                            s/Sean F. Cox                    
                            Sean F. Cox
                            United States District Judge

Dated:  May 18, 2020